■ ROSEMONT ENTERPRISES, INC., Plaintiff, and HOWARD R. HUGHES, Respondent, v. URBAN SYSTEMS, INC., et al., Defendants, and FAMILY GAMES, INC., et al., Appellants.— Order, Supreme Court, New York County, entered February 28, 1973, granting summary judgment in favor of plaintiff Howard Hughes, and the judgment of said court entered thereon on March 6, 1973, unanimously modified, on the law, to restrict the ambit of the injunction in the fourth decretal paragraph to the State of New York, and otherwise affirmed, without costs and without disbursements. While, "The Howard Hughes Game", however truthful, is an item of commerce, which does not rise to the status of an expression entitled to unrestricted dissemination (*Time, Inc.* v. *Hill*, 385 U. S. 374), and therefore is a violation of sections 50, 51 of the New York Civil Rights Law, the injunction should be restricted to activities, such as manufacturing, distributing, selling etc., in the State of New York. In other jurisdictions (see Hofstadter and Horowitz, Right of Privacy), the law with respect to the right of privacy could have other efficacy with respect to a public figure (cf. *Sidis* v. *F-R Pub. Corp.*, 113 F 2d 806, cert. den., 311 U. S. 711), both in common-law interpretation and in statutes. (Cf. *Rosenbloom* v. *Metromedia*, 403 U. S. 29.) Settle order on notice. Concur — Kupferman, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ. [72 Misc 2d 788.]

■ ELIZABETH SUNSHINE, Appellant, v. BANKERS TRUST COMPANY, Defendant-Respondent and Third-Party Plaintiff. MODERN PILLOW CO., INC., Third-Party Defendant.— Order, Supreme Court, New York County, entered on February 21, 1973, unanimously modified, on the law, and the plaintiff-appellant's motion for summary judgment granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The family dispute, corporate problem, and third-party complaint, etc. aside, it cannot be disputed that the corporate check payable to plaintiff made out by her dying husband, payable on the corporate account, was deposited in her account in the same bank on which the check was drawn. That same day, the plaintiff's stepson, acting for the corporation, stopped payment on the check. Not having made final payment, under section 4-301 of the Uniform Commercial Code, the depositary-payor had the right to charge back and reverse (Uniform Commercial Code, § 4-212, subds. [1], [3]) plaintiff's provisional credit by doing so before midnight of the banking day following receipt. (Uniform Commercial Code, § 4-104, subd. [1], par. [h].) It did not do so or send written notice (Uniform Commercial Code, § 4-213, subd. [1]) until seven days later. Accordingly, plaintiff-appellant had an absolute right to draw upon those funds. (Uniform Commercial Code, § 4-213, subd. [4], par. [b].) Payment of the item had become final by the passage of time. (*Fromer Distributors* v. *Bankers Trust Co.*, 36 A D 2d 840.) Settle order on notice. Concur — Stevens, P. J., Markewich, Kupferman and Macken, JJ.